UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRACY E. KELTY,

    Plaintiff,

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO.: 1:12CV272

Barrett, J.
Litkovitz, M.J.

**OPINION AND ORDER**

This matter is before the Court on the Report and Recommendation of the Magistrate Judge ("Report"). (Doc. 10).[1] In the Report, the Magistrate Judge recommends that the decision of the Commissioner be affirmed.

The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties may waive further appeal if they fail to file objections in a timely manner. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).[2] Plaintiff has filed timely objections to the Report. (Doc. 11). Defendant has filed a response to those Objections. (Doc. 12).

**I.    SUMMARY OF THE MAGISTRATE JUDGE'S CONCLUSIONS**

The procedural background, as well as the ALJ's conclusions, are fully set forth in the Report, and are incorporated here. After reviewing the record and the assignments of error raised by Plaintiff, the Magistrate Judge recommended affirming

---

[1] All document citations are to the Court's docket entry numbers.
[2] Notice was attached to the Report.

1

the decision of the Commissioner. Her recommendation is based on the following conclusions:

1. The ALJ's RFC determination is supported by substantial evidence. (Doc. 10, pp. 8-15). Specifically, the Magistrate Judge determined that (a) the ALJ's conclusions as to the functional limitations in the RFC were supported by the medical evidence; (b) the ALJ put forth good reasons based on the record evidence for its decision not to give controlling weight to Plaintiff's treating physician, Dr. Martinez; and (c) the ALJ appropriately formulated his RFC determination.

2. The ALJ did not err in finding that Plaintiff was not disabled for a closed period from March 18, 2008, the alleged onset date, through April 23, 2009. (Doc. 10, p. 15). Specifically, the Magistrate Judge rejected Plaintiff's arguments that (a) she had to miss two to three days of work to attend physical therapy because the evidence did not show she had to attend physical therapy during work hours; and (b) a physical impairment, evidenced by use of a crutch and having an antalgic gait, that continued for over 12 months, proves she is disabled.

3. The ALJ's credibility finding was supported by substantial evidence. (Doc. 10, pp. 16-19). Specifically, the Magistrate Judge rejected Plaintiff's argument that the ALJ failed to fully credit her subjective complaints of pain and reported limitations, finding that the ALJ properly considered the relevant evidence and requisite factors in determining that Plaintiff was less than fully credible based on the inconsistencies between her testimony, the medical evidence, and other evidence of record, along with her noncompliance with her medical providers' instructions.

4. The ALJ did not present improper hypothetical questions to the VE. (Doc. 10, pp. 19-21). Specifically, the Magistrate Judge considered the hypothetical to the VE regarding Plaintiff's physical RFC for a limited range of sedentary work, the ALJ's alleged failure to include limitations for left shoulder, left arm, and neck, such as problems looking down, and whether the ALJ erred by finding she had moderate limitations in persistence and pace but not accounting for them in the hypothetical presented to the VE. After review, the Magistrate Judge concluded the assignment of error should be overruled.

## II. LEGAL STANDARDS

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.

2

R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the magistrate [judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In reviewing the objections, the Court's review is limited in scope by 42 U.S.C. § 405(g) and involves a two-fold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence; and (2) whether the ALJ applied the correct legal standards. *See Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2006); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

The Court also must determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error

3

prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).

## III. ANALYSIS

Plaintiff's objections to the Magistrate Judge's conclusion are three-fold. Specifically, she objects to: (1) the second conclusion that the ALJ did not err in finding that Plaintiff was not disabled for a closed period from March 18, 2008, the alleged onset date, through April 23, 2009; (2) the fourth conclusion that the ALJ did not present improper hypothetical questions to the VE; and (3) the first conclusion, as it relates to the Magistrate Judge's alleged error in failing to consider the January 2009 multi-level instability at C2-3 and C3-4 and in considering the weight to give to Dr. Martinez in this respect when posing the hypothetical to the VE regarding those impairments and the supported limitations. (Doc. 11). Each of her objections is addressed separately below.

### 1. The Magistrate Judge correctly determined the ALJ did not err in finding that Plaintiff was not disabled for a closed period.

Plaintiff contends that it was error to not find a closed period of disability. Specifically, she argues that the ALJ and the Magistrate Judge should have found a closed period of disability pursuant to 20 C.F.R. 404.1509 based on (a) the fact she had five physical therapy sessions through April 2009, which she alleges made her miss work; (b) a March 6, 2009 documentation of pain in her neck, left shoulder, back and left leg; (c) an April 7, 2009 notation of gait deviation; and (d) her use of a crutch so she could not use two hands to do the jobs identified while standing.

Having reviewed the record de novo in light of Plaintiff's objections, the Court finds no error by the ALJ or the Magistrate Judge in finding that Plaintiff was not disabled for the closed period. The Magistrate Judge determined that the record

4

evidence did not reflect that Plaintiff was required to attend physical therapy sessions during work hours, as opposed to non-working hours. Plaintiff does not refute that conclusion in her objections with any evidence. Instead, she makes only a conclusory statement that she would have to miss work because she had therapy sessions. That statement is insufficient. Without any supporting record evidence, the Court cannot find it was error to conclude that she could perform the jobs identified by the VE during the relevant time period.[3]

Moreover, the Court agrees that substantial evidence supports the conclusion that the evidence does not demonstrate a disabling degree of limitation during the relevant time period. As the Magistrate Judge correctly recognized, merely having one or more medically determinable impairments does not demonstrate disability. Although there was a note of pain in her neck, left shoulder, back and left leg on March 6, 2009, that evidence may show a severe impairment but when viewing the record as a whole does not demonstrate a disability. Plaintiff's references to a slight gait deviation on April 7, 2009 and her use of a crutch "at times" on March 6, 2009 does not alter that conclusion, as she has presented no legal or factual support to show those physical impairments prove she is disabled. The record evidence does not demonstrate that a gait disturbance or the use of a crutch would prevent her from performing the limited sedentary work identified by the VE. (*See* Tr. 47-54). Specifically, the record evidence does not reflect that any of the jobs identified required her to stand or walk to perform the functions of those jobs. (*See id.*) Rather, the VE testified that standing could occur "at will" and there is no evidence as to any walking requirement. (*See* Tr. 53). Her

---

[3] The VE's testimony that she would not be able to perform the jobs identified *if* she had to miss two to three days per month (Tr. 51) is thus irrelevant where there is no evidence demonstrating that she actually had to miss two to three days per months.

5

assertion that her crutch would prevent her from using two hands to perform the work while performing the work therefore is not supported. Accordingly, the Court finds no error in failing to find a closed period of disability, and Plaintiff's objections on this ground are overruled.

### 2. The Magistrate Judge correctly concluded that the ALJ did not err at Step 5 in finding there are significant jobs in the national economy that Plaintiff could perform.

Plaintiff contends that the Magistrate Judge erred by not considering that the two hours of standing and/or walking while holding onto a crutch would not allow her used two hands to perform the unskilled jobs, and that she would have missed more than two or three days of work a month while undergoing physical therapy. (Doc. 11, p. 4). As this same argument was made in regards to the closed period, the Court will not address it again here. For the same reasons set forth above, the Court finds that the Magistrate Judge reached the correct conclusions. Plaintiff's objection is overruled.

### 3. The Magistrate Judge correctly concluded that the ALJ's RFC determination was supported by substantial evidence.

Plaintiff contends that the Magistrate Judge erred in several respects. After reviewing the conclusions, the Court finds Plaintiff's arguments do not alter the ALJ's RFC formulation. First, Plaintiff contends that the Magistrate Judge erred in not considering the January 2009 x-rays showing instability at C2-3 and C3-4, finding instead that they were not the same as the previous fractures suffered at C-6 and C-7. Plaintiff's argument misconstrues the Magistrate Judge's conclusion. The Magistrate Judge did not conclude that the January 2009 instability should not be considered; instead, she correctly noted that the ALJ indeed considered that evidence in formulating the RFC. (*See* Doc. 10, p. 9). The Magistrate Judge distinguished between the

6

January 2009 instability and the previous fractures for which she underwent fusion surgery in addressing Plaintiff's dispute concerning the ALJ's statement that the x-rays showed Plaintiff's fractures had healed. (Doc. 10, p. 9). Specifically, she noted that the previous fractures and the instability in January 2009 were separate, and the previous fractures had healed. The Magistrate Judge was correct in that regard.

Second, Plaintiff appears to object to the Magistrate Judge's conclusion that Plaintiff has not identified any medical opinion or clinical finding demonstrating limitations in her upper extremity functioning that were not accounted for by the ALJ's RFC formulation. (See Doc. 10, p. 10; Doc. 11, p. 5). In support, she cites to one instance in the record where she self-reported problems to Dr. Martinez concerning looking down due to her neck issues. (Doc. 11, p. 5) (citing Tr. 759). She, however, has not identified any medical opinion or clinical finding demonstrating any such limitation. Notably, Dr. Martinez described Plaintiff's clinical status as serious and her prognosis was guarded, but he did not give specific restrictions on her neck use. (Tr. 823). Further, the Court notes that insofar as Plaintiff relies on her own self-report as evidence supporting a greater functional limitation, the Magistrate Judge determined (and Plaintiff has not disputed here) that the ALJ reasonably concluded Plaintiff was less than fully credible.

Plaintiff's statements that she was taking Morphone and Oxycodone in March 2010, which she alleges shows the severity of her neck pain at the time, and her claim that she was unable to use both arms (Doc. 11, p. 5), do not demonstrate a functional limitation greater than that accounted for by the ALJ in the RFC. The ALJ explicitly acknowledged Plaintiff's medication use and her neck pain in his decision. (Tr. 15). He

7

also discussed the relevant evidence relating to Plaintiff's arms, and limited her RFC for sedentary work to lifting 10 pounds occasionally and lifting 5 pounds frequently to accommodate her limitations. (Tr. 12). Thus, without any medical evidence demonstrating functional limitations beyond those provided for in the ALJ's RFC formulation, the Court finds that the ALJ committed no error with respect to the RFC formulation or in posing a hypothetical question to the VE regarding those impairments and supported limitations. Plaintiff's objection is therefore overruled.

## IV. CONCLUSION

For the foregoing reasons, the Objections of Plaintiff are **OVERRULED** (Doc. 11) and the Report of the Magistrate Judge (Doc. 10) is **ADOPTED** in its entirety. Consistent with this Opinion and the Magistrate Judge's Report, the Court **AFFIRMS** the decision of the Commissioner, and this matter shall be **CLOSED**.

**IT IS SO ORDERED.**

Michael R. Barrett, Judge
United States District Court